**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES WRIGHT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A. TAYLOR WILLIAMS | : | NO. 08-5944 |

## MEMORANDUM

**Baylson, J.**                                                                                   **January 29, 2009**

Presently before this Court is Plaintiff's Motion to Recuse the undersigned Judge Michael M. Baylson, to whom this case is assigned (Doc. No. 2).  Plaintiff filed this Motion on December 24, 2008.  For the following reasons, this Motion is DENIED.

Under section 445(a), a judge "shall disqualify himself of herself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Plaintiff correctly asserts that the standard for judicial disqualification is based on the perception of an objective observer.  More specifically, as articulated by Judge Robreno in Cooney v. Booth, the movant need not produce evidence of actual bias, but must demonstrate the appearance of impropriety such that "a reasonable person, knowing all of the circumstances, would harbor doubts as to the judge's impartiality."  262 F.Supp.2d 494, 504 (E.D. Pa. 2003) (citing In re Prudential Ins. Co. of America, 148 F.3d 283, 343 (3d Cir. 1998)).

Plaintiff cites Liteky v. U.S. to support the reasonable person standard.  However, this case relies on the crucial "extrajudicial source" doctrine, requiring that alleged bias be the result of the judge's non-judicial conduct.  510 U.S. 540, 549-51 (1994).  In Liteky, Justice Kennedy, writing for the United States Supreme Court,  found no reason for a judge to disqualify himself

-1-

because all the allegations of bias "occurred in the course of judicial proceedings, and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." Liteky, 510 U.S. at 556. Moreover, the Court recognized that knowledge acquired in prior proceedings involving the same party is considered a judicial source and therefore cannot be considered a extrajudicial source of bias because, "it has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." 510 U.S. at 551.

The filing of a prior complaint does not constitute an extrajudicial source on which a claim of impartiality can be based. In Azubuko v. Royal, the Third Circuit stated even where the plaintiff had filed an independent suit against the judge, such a conflict "[was] not sufficient to establish that her recusal from his case is warranted under 28 U.S.C. § 144 or § 455(a)." 433 F.3d 302, 304 (3d Cir. 2006).

Plaintiff's Motion does not present any facts supporting an extrajudicial source of impartiality requiring recusal from the present case. Plaintiff's allegation of bias is based on a prior suit he brought against a different defendant over which the undersigned presided. See Wright v. O'Nembo, No. 06-2251 (E.D. Pa. May 30, 2006), dismissed, No. 07-1308 (3d Cir. Aug. 3, 2007). In that suit Plaintiff filed a Complaint with the Third Circuit against the undersigned. Plaintiff makes no further allegations of bias.

Therefore, the basis of Plaintiff's Motion emanates from purely judicial sources. Reviewing such sources, a reasonable person would not harbor doubts as to the judge's impartiality, and Plaintiff's Section 455 Motion for Recusal must fail.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JAMES WRIGHT                          :          CIVIL ACTION
                                      :
                 v.                   :
                                      :
A. TAYLOR WILLIAMS,                   :          NO. 08-5944

**<u>ORDER</u>**

        AND NOW, this        day of January, 2009, it is hereby ORDERED that Plaintiff's

Motion for Recusal (Doc. No. 2) is DENIED.

                                      BY THE COURT:

                                      _____
                                      Michael M. Baylson, U.S.D.J.

O:\CIVIL 07-08\08-5944 Wright v. Williams\Memo re Recusal.wpd