IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WRIGHT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A. TAYLOR WILLIAMS | : | NO. 08-5944 |

MEMORANDUM

**Baylson, J.**                                                                                              July 28, 2009

      Presently before this Court is Defendant's Motion to Dismiss (Doc. No. 10) and Plaintiff's Motions for Demand for Trial by Jury (Doc. No. 14) and to Strike / Set Aside Defendant's Motion (Doc. No. 18). Plaintiff James Wright, proceeding pro se, has filed civil rights claims against Defendant A. Taylor Williams related to Defendant's services as defense counsel in a prior civil suit brought by Plaintiff over which the Undersigned presided, Wright v. O'Nembo, 06-cv-2251. For the following reasons, Defendant's Motion will be granted and Plaintiff's Motions will be denied.

**I.      Factual Background and Procedural History**

      In 2006, Plaintiff filed a civil suit against James Onembo,[1] the District Court Administrator of the Court of Common Pleas of Northampton County, Pennsylvania. Defendant represented Onembo in those proceedings as an attorney with the Administrative Office of Pennsylvania Courts, Supreme Court of Pennsylvania. In the 2006 suit, Plaintiff alleged that as Administrator of the Court, Onembo had denied him oral argument on two of his filings in a state court civil action that he brought in 2002 in the Court of Common Pleas of Northampton County.

---

[1] Although the caption of the prior suit spelled Defendant's name "O'Nembo," the Court noted that the proper spelling is "Onembo."

Wright v. O'Nembo, 2006 WL 3857487, *1 (E.D. Pa., Dec. 28, 2006).  This 2002 state court civil rights claim, Wright v. Fritzinger, arose from Plaintiff's 1996 Chapter 13 bankruptcy filing, in which Fritzinger had filed a proof of claim.  Id.  This Court granted Onembo's Motion to Dismiss with prejudice because Plaintiff's claims were not ripe, since he had filed the federal civil rights claim against Onembo while his state court claim was still proceeding.  Id. at *3.  The Third Circuit affirmed, stating that there is no federal constitutional right to oral argument in state court civil proceedings.  Wright v. O'Nembo, 07-1308 (3d Cir. Aug. 3, 2007).

      Plaintiff now alleges that Defendant, as Onembo's attorney, made "numerous false claims" in violation of Rule 3.3 of the Rules of Professional Conduct.  (Compl. ¶ 17.)  Plaintiff further asserts that "Defendant operat[ed] capriciously to obtain her objective in her Brief previously submitted . . . to commit Fraud upon Plaintiff and the Court."  (Compl. 5.)  Plaintiff brings his claims "for Neglect to Prevent Violations of Clearly Established Law and Acting Unreasonably by Submitting Numerous False Claims to Circumvent a Previous Civil Rights Claim" pursuant to 42 U.S.C. §§ 1985, 1986, and 14141.  However, beyond these assertions, the majority of Plaintiff's Complaint contains allegations against Onembo related to the previous 2006 suit.  Plaintiff seeks $655,000.00 in damages, which he claims he lost through fraud, and any additional damages the Court deems appropriate.  (Compl. 5.)

      Plaintiff filed the Complaint in this action on January 14, 2009 (Doc. No. 5), after the Court granted Plaintiff's Motion to Proceed in Forma Pauperis (Doc. No. 4).  On December 24, 2008, Plaintiff filed a Motion to Recuse the Undersigned based on the Court's prior involvement in Wright v. O'Nembo (Doc. No. 2), which the Court denied on January 30, 2009 (Doc. No. 6).  Defendant filed the instant Motion to Dismiss (Doc. No. 10) on March 9, 2009.  On March 11,

2009, Defendant filed a Motion for Protective Order Staying Discovery Pending Ruling on the Motion to Dismiss (Doc. No. 12), which this Court granted on March 23, 2009 (Doc. No. 13).

Plaintiff filed a Motion for Demand for Trial by Jury on March 27, 2009 (Doc. No. 14). Plaintiff then filed a Motion to Strike / Set Aside Defendant's Motion on May 11, 2009 (Doc. No. 18), which this Court treated as a response to Defendant's Motion to Dismiss. Defendant filed a Response to Plaintiff's Motion to Strike on May 26, 2009 (Doc. No. 19).

## II.     Parties' Contentions

Defendant argues that Plaintiff fails to state a claim for two reasons. First, Defendant claims that since she was an attorney acting on behalf of her client in the attorney-client relationship, she cannot have engaged in a conspiracy under 42 U.S.C. § 1985. Further, since the § 1985 claim must fail, so must the § 1986 claim. Second, as to Plaintiff's claim pursuant to § 14141, Defendant asserts that there is no private remedy for damages, since the statute acts as a remedy for systemic police misconduct, and only the Attorney General can bring an action pursuant to it for equitable and declaratory relief.

Plaintiff asserts that Defendant's Motion must be dismissed based on several arguments. First, Plaintiff claims that he is acting as a Private Attorney General pursuant to § 14141. Second, Plaintiff asserts that Defendant's counsel, Geri Romanello St. Joseph, does not have the proper Oath to the Pennsylvania Bar in violation of Bar Admission Rules and Pennsylvania law and therefore is practicing law without a license. Third, Plaintiff argues that the "last link" exception, where there is possible criminal conduct involved, subjects Defendant to liability under §§ 1985 and 1986. In addition, Plaintiff claims that Defendant failed to do her due diligence to discover the constitutional violations committed against Plaintiff in the state court

action in which Onembo was the Court Administrator.  Plaintiff attaches a "Commission of Declaration" of himself as a Private Attorney General, Qualified Criminal Investigator, and Federal Witness.  (Pl.'s Mot. Strike Ex. A.)

In response, Defendant asserts that her counsel's status as an attorney is not in doubt, and that this has nothing to do with the merits of the Motion to Dismiss.  In addition, Defendant asserts that the last link exception does not apply to the facts of this case.

### III.   Legal Standard

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994).  The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.1985).  Moreover, when the plaintiff is a pro se litigant, the Court has a "special obligation to construe his complaint liberally." Zilich v. Lucht, 981 F.2d 694 (3d Cir.1992).

A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Iqbal clarified that the Court's decision in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), which required a heightened degree of fact pleading in an antitrust case, "expounded the pleading standard for 'all civil actions.' " 129 S.Ct. at 1953.

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing Twombly, 550 U.S. at 556 n.3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556).

## IV.  Discussion

### A.  Claims Pursuant to 42 U.S.C. §§ 1985 and 1986

Section 1985 creates a private right of action for damages for "Conspiracy to interfere with civil rights." 42 U.S.C. § 1985. Specifically, it protects against obstruction of justice defined as follows:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . . .

Id. The statute of limitations for Section 1985 claims in Pennsylvania is two years. Garland v. U.S. Airways, Inc., 2007 WL 921980, at *10 (W.D. Pa. Mar. 14, 2007) (citing Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000)).

Section 1986 further creates a right of action for damages against those who neglected to prevent a violation of Section 1985 of which they had knowledge:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

42 U.S.C.A. § 1986.  Section 1986 has a one year statute of limitations.  Id.

As Defendant argues, the Third Circuit in Heffernan v. Hunter, 189 F.3d 405 (3d Cir. 1999), held that an alleged conspiracy between attorney and client is not actionable under Section 1985 provided that the attorney was acting within the scope of his or her representation.  Id. at 411-13; see also D & D Assocs., Inc. v. Bd. of Educ. of N. Plainfield, 2007 WL 4554208, at *15 (D.N.J. Dec. 21, 2007) ("Actions taken by an attorney while acting within the scope of the attorney-client relationship are not susceptible to characterization as a conspiracy under Section 1985." (citing Heffernan, 189 F.3d at 413)).  Even where an attorney may have violated ethical rules, there is no Section 1985 claim.  Heffernan, 189 F.3d at 413.  In the instant matter, all of the alleged misconduct occurred as part of Defendant's duties as counsel to her client, namely her zealous representation of Onembo and her filing of a successful motion to dismiss.  Therefore, Plaintiff can not assert an actionable conspiracy claim against Defendant pursuant to Section 1985.

Plaintiff argues that the "last link" exception saves his conspiracy claim.  However, the "last link" exception as stated in In re Grand Jury Investigation, No. 83-2-35, deals with an attorney's disclosure of his client's identity when it provides the "last link" in a chain of

incriminating evidence likely to lead to the client's indictment. 723 F.2d 447, 453 (6th Cir. 1983). Here, no client's identity has been concealed, and the exception is clearly inapplicable.

Because Plaintiff can not assert a valid Section 1985 claim, his Section 1986 claim also fails, since it requires "knowledge . . . of the wrongs conspired to be done . . . mentioned in section 1985 of this title . . . ." Additionally, although not argued by the Defendant, the Court finds that Plaintiff's Section 1986 claim is time barred. Plaintiff's cause of action accrued no later than February 20, 2007, when the Court issued its Order denying Reconsideration of its Memorandum and Order dismissing Plaintiff's case. However, Plaintiff did not file his Motion to Proceed in Forma Pauperis in this case until December 23, 2008, which tolled the statute of limitations. Therefore Plaintiff's claim fails under the statute's one-year statute of limitations.

### B.    Claims Pursuant to 42 U.S.C. § 14141

Plaintiff's claim pursuant to Section 14141 also fails. Section 14141 protects against a governmental authority or agent:

> Engag[ing] in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

42 U.S.C.A. § 14141(a). However, as argued by Defendant, Section 14141 does not provide a private right of action but instead empowers the Attorney General to bring civil actions for equitable and declaratory relief where there is a violation of the statute. Id. at § 14141(b); see also Gallacher v. Kisner, 2009 WL 2058432, at *5 (D. Utah 2009) ("Further, 42 U.S.C. § 14141 specifically provides that a civil action under that section may be brought only by the Attorney

General."). Plaintiff asserts that he is a "Private Attorney General" and therefore appears to argue that he may enforce Section 14141. However, such a claim is without merit as only the Attorney General of the United States may bring such an action. Accordingly, Plaintiff's Section 14141 claim must be dismissed.

### C.      Plaintiff's Additional Contentions

Plaintiff's final argument concerns Defendant's counsel. Plaintiff claims that defense counsel has not taken the proper oath to practice law in Pennsylvania. The Court finds this contention wholly meritless. Defendant's counsel has a valid Pennsylvania bar number and fully licensed to practice law in this Court. Plaintiff's citation to an article concerning New York caselaw on this matter is unavailing. (Pl.'s Mot. Strike Ex. E.) Moreover, this argument has no bearing on the instant Motion.

### V.      Conclusion

For the reasons stated above as to the legal insufficiency of each of Plaintiff's claims, Defendant's Motion to Dismiss is granted. An appropriate Order follows.

O:\CIVIL 07-08\08-5944 Wright v. Williams\Memo re MTD.wpd